## Nathan Ilsley *vs.* Charles Merriam.

Where one citizen of this state sells goods here to another, but at the same time discloses to the purchaser the fact, that the goods belong to a citizen of another state, without, however, disclosing the name of the owner, a subsequent discharge of the purchaser under the insolvent laws of this state, is no bar to an action by the owner for the price of the goods.

This was an action of assumpsit, by the plaintiff, a citizen of Maine, residing in Portland, against the defendant, a citizen of Boston, to recover a balance of $83.91, for hay sold by the plaintiff to the defendant, at different times, from July to September, 1847. The defendant relied in defence upon a discharge in insolvency, obtained by him in May, 1848.

It was in evidence for the defendant, that the hay was sold for cash to the defendant by one Field, a citizen of Boston, and that the bills were all made out in the name of Field, as the vendor.

Field, being called as a witness for the plaintiff, testified, that he sold hay on commission for the plaintiff; and that he communicated to the defendant the fact, that he sold the hay in question on commission, for a person living in Maine, though he was not sure that he mentioned the name of the owner. There was also other evidence, that the defendant knew that Field was dealing on commission for a person in Maine.

The defendant requested the presiding judge of the court of common pleas (*Wells*, C. J.) to instruct the jury that, where a principal resided abroad, the credit and the whole transaction were considered to subsist between the nominal contracting parties, unless there was an express agreement to the contrary; that, in the present case, as the plaintiff had his residence out of the state, he resided abroad within the meaning of the rule; and, therefore, that the discharge in insolvency of the defendant, which was good against Field, was equally so against the plaintiff, unless there had been an express agreement, (of which there was no evidence,) that the transaction was to be considered as a dealing between the plaintiff and the defendant.

The judge declined so to instruct the jury, but instructed them that, if Field in fact sold the hay as the agent of the plaintiff, and communicated to the defendant, and the defendant believed, that he was selling on commission for a principal residing out of the state, the discharge was no bar; and that it was not material that the name of his principal should have been mentioned by Field to the defendant, nor was it material that the bills and transaction were wholly in the name of Field.

The plaintiff having obtained a verdict, the defendant excepted.

*G. M. Browne,* for the defendant, cited *Brigham* v. *Henderson,* 1 Cush. 430, and cases cited; *Bank of Alabama* v. *Dalton,* 9 How. 522; *St.* 1845, *c.* 193; *Sims* v. *Bond,* 5 B. & Ad. 389, 393; Story on Agency, §§ 160*a*, 267, 269; *New Jersey Steam Navigation Co.* v. *Merchants' Bank,* 6 How. 344, 381; *Drinkwater* v. *Goodwin,* Cowp. 251; *Jones* v. *Littledale,* 6 Ad. & El. 486; *Dwight* v. *Whitney,* 15 Pick. 179; *Smyth* v. *Anderson,* 7 Man. G. & S. 21, 35; *Thomson* v. *Davenport,* 9 B. & C. 78; *Higgins* v. *Senior,* 8 M. & W. 834, 844; *Baring* v. *Corrie,* 2 B. & Ald. 137, 148.

*L. Mason,* for the plaintiff.

DEWEY, J. It is a well established principle, that if a factor sells the goods of his principal, an action to recover the price thereof may be brought either in the name of the factor or of the principal. Nor does it make any difference, that the name of the principal was not disclosed. Story on Agency, § 420. The question in this case is, therefore, the mere question as to the defence arising from the discharge obtained by the defendant under the insolvent law of Massachusetts; and the point for inquiry is, whether such discharge can affect the plaintiff under the circumstances of the case.

Treating the case as a contract made directly with the plaintiff, and rejecting from our consideration the fact of the sale being made through an agent in Massachusetts, the case would seem to fall clearly within the cases of *Savoye* v. *Marsh,* 10 Met. 594, and *Fiske* v. *Foster,* 10 Met. 597; where, upon much consideration, the court came to the opinion, that, giv-

.ng full effect to the decisions of the supreme court of the United States, a discharge under our insolvent laws would not discharge a debt contracted with a citizen of another state.

But it is contended, that, in the case of a sale through an agent, and under the circumstances here stated, the rights of the parties, in reference to a discharge under our insolvent laws, are materially different.   The position taken by the defendant is, that Field, the agent, having made the contract in his own name, the name of the principal not being disclosed, the defendant is entitled to be placed in the same situation, in all respects, as if Field had been the real party in interest. Is this a correct view of the law on this point?   There is no doubt that the principal, who thus assumes a contract made by his agent, must take it subject to all the equities that would avail the defendant if the agent were the plaintiff; or, to state the principle in other language, the principal " must take them with all the attendant burthens, and subject to all the attendant just counter claims and defences of the other contracting party." Story on Agency, § 419.  But, in the opinion of the court, the right to set up a discharge in insolvency, under the insolvent laws of Massachusetts, as against all suits by citizens of Massachusetts, is not embraced within any equity or just counter claim, such as is contemplated in the books of authority enunciating this general principle of defence.   It is attempted to be applied here, where the only matter on which it rests is a local statute, having no effect except as to citizens of Massachusetts.  The fact having been disclosed to the defendant at the time of the purchase, that the agent was selling on commission for a principal, residing in the state of Maine, as must now be taken to have been found by the jury, under the instructions given them, the case is not open to any objections of surprise or deceit, in the manner the agent treated with the vendor, as to the principal,

Without expressing any opinion beyond the present case, we are satisfied that the instructions are not liable to any objection on the part of the defendant.

*Exceptions overruled.*